# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2008

Charles R. Fulbruge III
Clerk

No. 06-40611
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANCISCO VILLARREAL-GONZALEZ, also known as Francisco Gonzalez-Vasquez

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2328-ALL

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Francisco Villarreal-Gonzalez appeals his sentence following his guilty plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. Villarreal-Gonzalez's prior Texas conviction for delivery of marijuana was used to enhance his sentence 12 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(B). Villarreal-Gonzalez states that in light Lopez v. Gonzales, 127 S. Ct. 625 (2006), which was decided during the pendency of this appeal, "there is some doubt"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether his Texas conviction for delivery of marijuana is a felony under the Controlled Substances Act (CSA), and he concludes that his sentence should therefore be "revisited."

Although Villarreal-Gonzalez cites to Lopez as grounds for his possible resentencing, he fails to provide any legal analysis in support of his assertion. See FED. R. APP. P. 28(a). His entire argument consists of two sentences in a two page brief. Villarreal-Gonzalez is represented by counsel. Consequently, this court does not afford his arguments the same liberal construction afforded to the arguments raised by pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Because Villarreal-Gonzalez has failed to provide any legal analysis in support of his assertion, he has failed to preserve this issue for review. See United States v. Tomblin, 46 F.3d 1369, 1376 n.13 (5th Cir. 1995) (holding that a defendant does not preserve an issue on direct appeal by making an assertion in his brief without providing any legal argument that indicates the basis for that assertion). Consequently, this court will not consider it.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Villarreal-Gonzalez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008) (No. 07-6202).

Villarreal-Gonzalez's conviction and sentence are AFFIRMED.